IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARDEN CITY BOXING CLUB, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JUANA BRIANO, dba LAMONT CLUB, )<br>)<br>Defendant. )<br>_____ ) | CIV- F-06-1270 AWI GSA<br><br>ORDER RE: MOTION FOR ASSIGNMENT OF RIGHTS, RESTRAINING ORDER, AND TURNOVER ORDER |

Plaintiff has filed a motion to enforce its default judgment award, seeking (1) an assignment of rights to payment of money to the Defendant under Cal. Code Civ. Proc. §708.510; (2) a restraining order preventing Defendant from alienating any of the rights to be assigned under Cal. Code Civ. Proc. §708.520; and (3) an order compelling Defendant to turn over all documentary evidence concerning those rights to money under Cal. Code Civ. Proc. §699.040. Doc. 26.  Defendant has filed no opposition.  The matter was taken under submission without benefit of oral argument. Doc. 28.

**I. History**

Plaintiff Garden City Boxing Club, Inc. is a distributor of sports and entertaining programming.  Plaintiff owned the rights to the domestic commercial exhibition of the Oscar De La Hoya v. Bernard Hopkins World Middleweight Championship Fight Program of September 18, 2004.  Plaintiff contracted with third parties to allow televised viewing of the fight at various commercial establishments throughout the country.  Defendant Juana Briano and her commercial

establishment, the Lamont Club, did not have such a licensing contract with Plaintiff and showed the fight without permission.

Plaintiff filed suit on September 15, 2006, alleging violation of 47 U.S.C. §605, violation of 47 U.S.C. §553, and conversion. Doc. 1. Defendant was served on February 13, 2007. Doc. 11. Defendant never responded and default was entered on March 9, 2007. Doc. 13. Default judgment was entered in favor of Plaintiff for $27,103.78 on September 6, 2007. Doc. 22. It appears that Defendant has not yet paid the judgment.

## II. Legal Standards

The execution of final judgments is governed by Fed. R. Civ. Proc. 69(a), which states:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Post-judgment enforcement proceedings in this court must comply with California law. Credit Suisse v. U.S. Dist. Court for Cent. Dist. of California, 130 F.3d 1342, 1344 (9th Cir. 1997); Hilao v. Estate of Marcos, 95 F.3d 848, 850 (9th Cir. 1996).

## III. Discussion

Plaintiff first seeks an order under Cal. Code. Civ. Proc. §708.510 "assigning all accounts, accounts receivable, rights to payment of money, contingent rights, contract rights, deposits and deposit accounts, claims against third parties, monies due from third parties, due and in favor of and for the benefit of [Defendant], or any of the Defendant's partners, assignees, and other persons acting on his behalf." Doc. 26, Notice, at 1:23-28. Plaintiff's request appears

to be for a general assignment of all possible funds due to Defendant; he has failed to identify any specific source of money to be assigned.  Without more information, the court can not consider the factors listed in Cal. Code Civ. Proc. §708.510(c) to determine what kind of assignment order is warranted or permissible.  One court has said, "*where a judgment creditor can identify a person or entity which is obligated to make payment to the judgment debtor*, and where that 'right to payment' is assignable, the right to payment can be assigned from a third party obligor to the judgment creditor." Quaestor Invs., Inc. v. State of Chiapas, 1997 U.S. Dist. LEXIS 24271, *15-16 (C.D. Cal. 1997), emphasis added.  There are also federal statutes that limit judgment enforcement.  For example, 15 U.S.C. §1673 which states, "the maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment may not exceed (1) 25 per centum of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage...whichever is less."  The court can not determine whether this, or a number of other, statutes apply in this case.  Assignment under Cal. Code. Civ. Proc. §708.510 can not be granted at this time.

     Second, Plaintiff asks the court for "an order restraining Defendant from the sale, alienation, mortgage, lien encumbrance, advancement, cashing or negotiation, or receipt or exploitation of any of the accounts under C.C.P. § 708.520(a)." Doc. 26, Notice, at 2:1-3.  Cal. Code Civ. Proc. §708.520 allows the court to "restrain[] the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned [under Cal. Code Civ. Proc. §708.510]."  As the court is denying Plaintiff's request for assignment under Cal. Code Civ. Proc. §708.510, the court also declines to issue a restraining order.

     Plaintiff's final request is "For an order compelling Defendant to turn over any and all documentary evidence of any of the accounts, including but not limited to, any checks, drafts, money orders, deposits, deposit accounts, books, records, papers or files, listing of accounts, accounts receivable ledgers or journals, to and on behalf of [the marshal of the E.D. of

3

California], pursuant to the provisions of C.C.P. § 699.040(a)." Doc. 26, Notice, at 2:4-9.  That provision states, "*If a writ of execution is issued*, the judgment creditor may apply to the court ex parte, or on noticed motion if the court so directs or a court rule so requires, for an order directing the judgment debtor to transfer to the levying officer either or both of the following....Possession of documentary evidence of title to property of or a debt owed to the judgment debtor that is sought to be levied upon." Cal. Code Civ. Proc. §699.040(a), emphasis added.  Cal. Code Civ. Proc. §699.510(a) states, "after entry of a money judgment, a writ of execution shall be issued by the clerk of the court upon application of the judgment creditor and shall be directed to the levying officer in the county where the levy is to be made and to any registered process server." Plaintiff has not provided any evidence that a writ of execution has been issued; there is no record of such a writ in the docket report for the case.  Plaintiff states that it "has already recorded an abstract of judgment, personal property lien (J-1) and has or will have an order of examination (ORAP)" but makes no mention of a writ of execution.  Without issuance of a writ of execution directed at the appropriate levying officer, the court can not order the transfer Plaintiff seeks.

### IV. Order

Plaintiff's motion for assignment of rights, restraining order, and turnover order is DENIED without prejudice.

IT IS SO ORDERED.

**Dated:   December 13, 2007**              /s/ Anthony W. Ishii
                                      UNITED STATES DISTRICT JUDGE